Harold Z. KAPLAN et al., Plaintiffs-Appellants,

v.

LEHMAN BROTHERS et al., Defendants-Appellees.

No. 15663.

United States Court of Appeals Seventh Circuit.

Jan. 4, 1967.

Joseph A. Rosin, Chicago, Ill., Attorney for plaintiffs-appellants.

Harold Z. Kaplan, Joseph A. Rosin, A. Bradley Eben, Chicago, Ill., for appellant.

Philip A. Loomis, Jr., S. E. C., Washington, D. C., Walter P. North, Associate General Counsel, Meyer Eisenberg, Asst. General Counsel, Daniel J. Goldberg, Attorney, Peter B. Archie, Attorney, Securities and Exchange Commission, Washington, D. C., Roger S. Foster, Special Counsel, Office of Policy Research, Securities and Exchange Commission, of counsel, amici curiæ.

Hammond E. Chaffetz, Edward M. Bullard, Miles G. Seeley, Joseph D. Block, Chicago, Ill., William R. Jentes, Chicago, Ill., for defendants Lehman Brothers, Goodbody & Co., Dominick & Dominick, Inc. and Paine, Webber, Jackson & Curtis, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., William J. Manning, Simpson, Thacher & Bartlett, William F. Clare, Jr., Clare & Whitehead, Joseph F. Monaghan, McCanliss & Early, Milton Weiss, Beekman & Bogue, New York City, of counsel.

John T. Chadwell, Richard M. Keck, Chicago, Ill., for defendant New York Stock Exchange; Chadwell, Keck, Kayser, Ruggles & McLaren, Chicago, Ill., Samuel L. Rosenberry, William E. Jackson, Isaac Shapiro, Milbank, Tweed, Hadley & McCloy, New York City, of counsel.

Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff Harold Z. Kaplan, and minor plaintiffs Frederick L. Dunn, Daniel B. Dunn, Charlotte F. Dunn and Nancy L. Dunn, by Lila Dunn, their next friend, as shareholders in several named mutual funds, brought a class action derivatively for and on behalf of all shareholders of The Lehman Corporation, a Delaware corporation, and four other mutual funds.[1] An appeal on behalf of said plaintiffs was taken from a summary judgment of the district court in favor of defendants, New York Stock Exchange and four brokerage firms which are member firms in said exchange.[2]

Plaintiffs' amended complaint seeks recovery of treble damages against defendants for allegedly engaging in a coercive conspiracy fixing minimum uniform rates of brokerage commission and adhering to said rates in violation of the Sherman Antitrust Act.[3]

It is the theory of plaintiffs that the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78a, et seq. contains no express grant of immunity from the antitrust laws for such alleged activities and

---

1. One William Street Fund, Inc., Energy Fund, Inc., The Dominick Fund, Inc., and Chemical Fund, Inc.

2. Lehman Brothers, Goodbody & Co., Dominick & Dominick, Incorporated, and Paine, Webber, Jackson & Curtis.

3. Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq.

neither does that act impliedly immunize or exempt the "minimum rate fixing activities" of the exchange from the antitrust laws. Plaintiffs rely on the language of § 19(b) of the act, 15 U.S.C.A. § 78s, but it is important to note that subparagraph (b) thereof does authorize the Commission to

"* * * alter or supplement the rules of such exchange * * * in respect of such matters as * * * (9) the fixing of reasonable rates of commission, * * * *".

The district court found that the exchange's power to fix minimum rates existed by implication.

With the aid of the exhaustive decision of the Supreme Court and Mr. Justice Stewart's dissenting opinion, in Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963), we are now able to determine that, although the "Securities Exchange Act contains no express exemption from the antitrust laws," a "repeal" thereof is to be regarded as implied "if necessary to make the Securities Exchange Act work". We accordingly interpret the district court's action as holding that the antitrust laws are inapplicable to the New York Stock Exchange insofar as its prescribing of minimum commission rates is concerned.

We further hold that in this situation the self-regulatory function of the exchange has been exercised by virtue of § 19(b).

On the facts set forth in the complaint herein, we do not construe the Sherman act and the exchange act as showing a congressional intention to permit the maintenance of an antitrust prosecution of the exchange or its members to be based upon its action relating to rates of commission to be charged by its members. Obviously the fixing of minimum commissions is one method of regulating commission rates.

For the reasons herein stated, the judgment from which plaintiffs appeal is affirmed.

Judgment affirmed.